UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6171-CIV-ZLOCH/SELTZER

JOSE J. DELACRUZ,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF LABOR, AND ALEXIS HERMAN,
SECRETARY OF LABOR,

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

Defendant, Alexis Herman, Secretary of Labor and the United States Department of Labor, by and through the undersigned Assistant United States Attorney, files this Motion To Dismiss the Complaint. Plaintiff has not followed the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. In addition, plaintiff has failed to allege facts entitling him to relief, and defendant moves for dismissal pursuant to Rule 12 (b)(6). Plaintiff has also sued improper parties. In light of these failures, plaintiff's complaint should be dismissed. In support of this motion, the government states as follows:

I.    <u>Background</u>

On February 2, 2000, the Plaintiff, proceeding *Pro Se*, filed a **sixty-four** page complaint of discrimination. The first four pages of the complaint appear to be a numbered form with spaces in which plaintiff has filled in answers. In the complaint, on page two, in the first of two paragraphs numbered six, plaintiff marked an "x" by the word "color", indicating that he had been discriminated



against because of his color[1]. On page two of the complaint, the second of two paragraphs numbered six states: "When and how the defendant has discriminated against the plaintiff". Plaintiff has typed in the response: "Copy attached". After page four of his form, plaintiff attaches a thirty nine page summary of his life, describes his parents (and their joy at his employment at the Department of Labor), a description of his prior employment for a small business in Miami, his return to that job after Hurricane Andrew, his eventual employment with the Department of Labor, specifics about his initial training, details about an assignment in Nashville, a description of his work in Kentucky, details about his work in Evansville, Indiana, a description of a co-employee mentor who wore high cut shorts and high heels at a hotel in Tampa before she changed into business clothes, a recitation about a problem about logging milage in a government car, a note that a female co-employee called another employee a "real bitch", gossip about one of his co-employee mentor's purported sexual preference (a co-employee called her a "lesbian"; the mentor's remarriage is noted later in the document), recitations of co-employees activities with the Boy Scouts and attendance at a Braves baseball game, a story about how he was not offered an ice cream cone by one of his co-employees and a recitation of the litany of complaints that his supervisor and co-workers had about his performance. Among other things, the complaint includes a description of his last day of

---

[1] It should be noted that in all of the administrative proceedings below, plaintiff alleged discrimination based upon national origin (Asian American, of Philippine extraction). Apparently because he was not successful administratively, plaintiff now changes his theory to discrimination on the basis of color. When the District Court complaint contains claims that were not presented below, those claims should be dismissed. See for example, Antol v. Perry, 82 F.3d 1291, 1295-6 (3rd cir. 1996), Shannon v. Ford Motor Co., 72 F.3d 678, 684-5 (8th Cir. 1996) and Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). But the courts do permit some flexibility when the employee is unrepresented, and allow claims that are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." Cheek v. Western and Southern life Insurance Co., 31 F.3d 497, 500 (7th Cir. 1994), but the facts alleged below and in the District Court must essentially be the same.

employment and details his (apparently unsuccessful) progress to obtain an attorney and then to find the E.E.O.C. office, where his car was "keyed", then later smashed at a friend's home. At the conclusion of the thirty nine page statement, plaintiff attaches a two page "Right to Sue" letter, seven pages of a partially handwritten "informal" complaint dated 11/9/93, and fifteen pages of a "formal" E.E.O.C. complaint dated 2/15/94.

No where in the sixty-four page complaint does plaintiff allege facts sufficient to make a direct case of discrimination, nor does he allege facts sufficient to allege a circumstantial case of discrimination.

II.   The Law

A.  Rule 8 has been violated.

Federal Rules of Civil Procedure Rule 8(a)(2) requires a "short and plain statement of claim showing that the pleader is entitled to relief". In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct". The primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is' ". Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993)(citations omitted), cert. denied, 510 U.S. 868 (1993), Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994). Complaints "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what it is the plaintiff asserts". Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990). A complaint that is wordy, tedious or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. See 2 Moore's *Federal Practice* § 8.13, at 8-58, noting that Rule 8 compliance

allows a defendant to answer the complaint, and that Rule 8 prevents problems with conducting pretrial discovery, formulating pretrial orders, and applying res judicata. Vicom, Inc. v. Harbridge Merchant Services, Inc., supra, at 776. The courts do not allow plaintiffs to plead by means of obfuscation[2]. Jennings v. Emry, supra, at 1436. The law does not require, nor does justice demand that a judge or defendant must grope through pages of prolix and redundant material. See, Gordon v. Green, 602 F.2d 743, 746 (5th Cir. 1979).[3] Here as in Jones v. Trump, 1997 WL 277375 (U.S. D.C., S.D.N.Y.) at 8, "...Because ...[the complaints] contain myriad and repetitious factual allegations that are unrelated to plaintiff's claims, the complaints are unfairly confusing. The Court of Appeals has held that such '[u]nnecessary prolixity of a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'", citing Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2nd Cir. 1988) and quoting 5 Wright and Miller, *Federal Practice and Procedure* § 1281, at 265 (1969). Complaints, such as that filed by the plaintiff here, containing a "surfeit of detail" are properly dismissed. Salahuddin, supra, at 43.

---

[2] The Ninth Circuit, for example, has discussed the difficulty and expense for defendants responding to prolix and confusing complaints. In dismissing a verbose complaint with prejudice, the court stated, "The appellees herein have had to spend a large amount of time and money defending against Cissna's poorly drafted proceedings in this and related actions. The right of these defendants to be free from this costly and harassing litigation and the rights of litigants waiting their turns to have other matters resolved must be considered and the judgment of dismissal with prejudice is affirmed." Nevijel v. North Coast Life Insurance, Co., 651 F.2d 671, 675 (9th Cir. 1981).

[3] Pursuant to In re Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209-11(11th Cir.1981(en banc), all cases decided by the Fifth Circuit before October 1, 1981 are binding precedent in the Eleventh Circuit. Gordon, supra, at 746, contains a summary of cases dismissing various complaints from twenty-six to one hundred and eighty-six pages for failure to comply with Rule 8. The complaint here totals some sixty-four pages.

Besides needless length and complexity, the complaint filed here contains allegations that are scandalous and impertinent. For example, the complaint includes a needless recitation of gossip about a coworker-mentor's purported sexual preference and what to plaintiff apparently appeared to be her provocative dress at a hotel. And such complaints containing scandalous hearsay statements are properly dismissed. Gordon v. Green, 602 F.2d 743, 743-4 & 745 n.7 (5th Cir. 1979).

And while the complaint of a *pro se* litigant is held to "less stringent standards than formal pleadings drafted by lawyers", and "should be liberally construed", "a party's *pro se* status does not immunize such litigant from the requirements of Rule 8". Haines v. Kerner, 404 U.S. 519, 520 (1972), reh. denied, 405 U.S. 948 (1972), Simmons II v. Abruzzo, 49 F.3d 83, 87 (2nd Cir. 1995), Meints v. Stone, 1997 WL 584332 (D.C. D. Neb.), at 1, affirmed, 141 F.3d 1169 (8th Cir. 1998), citing Michaelis v. Nebraska State Bar Association, 566 F. Supp. 89, 92, affirmed, 717 F.2d 437, 439 (8th Cir. 1983). See also Doe v. City of New York, 1997 WL 124214 (D.C. E.D. NY), p.1, citing Thomas v. Beth Israel Hospital, Inc., 710 F. Supp. 935, 942 (S.D.N.Y. 1989).

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant leave to amend "freely...when justice so requires". The Second Circuit has noted that "[w]hen a motion to dismiss is granted, the 'usual practice is to grant leave to amend the complaint'....Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave to amend must be based on a valid ground." Oliver Schools, Inc. v. Foley, 930 F.2d 248, 253 (2nd Cir. 1991), quoting Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2nd Cir. 1990). Where the possibility exists that the defect can be cured, leave to amend at least once, should normally be granted unless doing so would prejudice defendant. Oliver Schools, Inc., supra at 253. See also Bertucelli v. Carreras, 467 F.2d 214, 215 (9th Cir. 1972)(per curiam)(though the prolix complaint

violated Rule 8, "opportunity for amendment should be provided in all but the most unusual cases.").

In this complaint however, even in sixty-four pages, the plaintiff fails to allege a *prima facie* case. Plaintiff fails to allege a single direct act of discrimination. In fact, not a single racially motivated comment or act is alleged in the complaint.[4] And plaintiff has also failed to allege a circumstantial case of discrimination. In a circumstantial case of employment termination discrimination, a plaintiff must establish that he is a member of a protected class, he was qualified for his position, that he was terminated, and that he was replaced by a person not in a protected class. See for example, Cooper-Houston v. Southern Railway Company, 37 F.3d 603, 605 (11th Cir. 1994), reh. denied, 46 F.3d 72 (11th Cir. 1995), Coutou v. Martin County Board of County Commissioners, 47 F.3d 1073 (11th Cir. 1995), reh. denied, 46 F.3d 72 (11th Cir. 1995). Plaintiff has alleged only that he is Asian American of Philippine extraction and that he was terminated. Under the circumstances of the case, this court is clearly justified in dismissing plaintiff's case without leave to amend, because in sixty-four pages, plaintiff has failed to show, under any circumstances, that he is entitled to relief.

B. Rule 10 has been violated.

Rule 10(b) of the Federal Rules of Civil Procedure provides that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances...". The purpose of this rule is to require

---

[4] The closest plaintiff comes to some sort of relevant allegation is on page 31-2 of the first attachment to his complaint. Plaintiff alleges that a co-employee, "came in with an ice cream cone" and she " remarked that she would have offered to get me some but knew I couldn't eat it". Plaintiff speculates "I thought Mrs. Brown may have believed that I am lactose intolerant as are many Asians". Assuming, *arguendo*, that the co-employee made this innocuous comment, it certainly does not amount to a discriminatory comment, and plaintiff's speculations and "thoughts" about it do not convert it into one.

6

the drafting of a pleading that is easily understood by both the opposing litigant and the court. See, for example, Resolution Trust Corp. v. Hess, 820 F. Supp. 1359, 1371 (D. Utah 1993) and O'Donnell v. Elgin, J. and E. Ry.Co., 338 U.S. 384, 392 (1949), reh. denied, 338 U.S. 945 (1950). While the first four pages of plaintiff's complaint contain numbered paragraphs, his thirty-nine pages of "paragraph 6" attachments are not. Moreover, the paragraphs in the thirty-nine page attachment run on and each contains a myriad of events. Rather than plead separate transactions or occurrences, plaintiff has supplied this court with a stream of consciousness narrative about the events and problems in his life. It is impossible for the defendant to meaningfully respond. Under the circumstances, because the plaintiff has failed to comply with Rule 10(b), his complaint should be dismissed.

C. Individuals and the Department of Labor have been improperly named as defendants.

On the title page of his complaint, plaintiff sues the U.S. Department of Labor and Alexis Herman the Secretary of Labor. In his complaint at page three, plaintiff lists additional defendants, Janet Rankin, the Regional Commissioner, Bureau of Labor Statistics, and Jim R. Beddingfield, a Supervisory Economist. To date, neither Rankin nor Beddingfield have been served with the complaint and no summons for them appears in the District Court file.

Title 42, United States Code, section 2000e-16 provides the exclusive remedy for claims of discrimination in federal employment. Brown v. General Services Administration, 425 U.S. 820, 835 (1976), Canino v. United States E.E.O.C., 707 F.2d 468, 472 (11th Cir. 1983). Section 2000e-16 provides that in any civil action filed "the head of the department, agency or unit shall be the defendant". The proper party defendant is the pertinent agency head, not his or her employees or the agency itself. Person v. United States Department of Agriculture, 593 F. Supp. 1054, 1059 (E.D.

Wis. 1984), citing <u>Hackley v. Roudebush</u>, 520 F.2d 108, 115 n. 17 (D.C. Cir. 1975). Accordingly, the only proper defendant here is Alexis Herman, the Secretary of the Department of Labor.

And individual defendants, even those with supervisory control, may not be held personally liable for alleged violations of Title VII. <u>See for example</u>, <u>Yeldell v. Cooper Green Hospital, Inc.</u>, 956 F.2d 1056, 1060 (11th cir. 1992), <u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th Cir. 1991), <u>Potter v. City of Albany</u>, 68 F. Supp. 2d 1360, 1368 (M.D. Ga. 1999), <u>Weld v. Southeastern Companies, Inc.</u>, 10 F. Supp. 2d 1318, 1321 (M.D. Fla. 1998). Accord, <u>Grant v. Lone Star Co.</u>, 21 F.3d 649 (5th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1015 (1994), and <u>Miller v. Maxwell's International, Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1109 (1994), <u>reh. denied</u>, 511 U.S. 1048 (1994).

Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped...by order of the court on motion of any party...at any stage of the action and on such terms as are just." Because the Department of Labor and individuals Rankin and Beddingfield are not proper defendants in this action, dismissal of the case against them with prejudice is appropriate and just. <u>See</u> <u>Blong v. Secretary of the Army</u>, 877 F.Supp. 1494, 1496 (D.Kan. 1995).

III. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice. Leave

to amend should not be given.

Respectfully submitted,
THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: *[signature]*
Barbara L. Petras
Assistant United States Attorney
Florida Bar No. 209181
500 E. Broward Boulevard, Ste. 700
Ft. Lauderdale, Florida, 33394
Tel: (954) 356-7314, Ext. 3609
Fax: (954) 356-7180

HENRY SOLANO
Solicitor of Labor

Jaylynn K. Fortney
Regional Solicitor

Larry A. Auerbach
Counsel

Sharon D. Calhoun
Attorney
U.S. Department of Labor
Office of the Solicitor
61 Forsyth Street, S.W., Rm. 7T10
Atlanta, Georgia 30303
Tel: (404) 562-2057
Fax: (404) 562-2073

## CERTIFICATE OF SERVICE

I hereby certify that on this __1st__ day of May, 2000, a copy of the foregoing was mailed, postage prepaid to:

Jose J. Delacruz *Pro Se*
2420 N.E. 7th Avenue
Ft. Lauderdale, FL 33305

Barbara L. Petras
Assistant United States Attorney