UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6171-CIV-ZLOCH/SELTZER

JOSE J. DELACRUZ,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF
LABOR AND ALEXIS HERMAN,
SECRETARY OF LABOR,
        Defendants
_____/

## ANSWER TO "AMENDED COMPLAINT" FILED AS PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, the United States of Labor and Alexis Herman, Secretary of Labor, defendants in the above-styled action, and files this Answer to Plaintiff's "amended complaint" which was filed on May 25, 2000, in response to this court's Order to Show Cause. Defendants answer the specific allegations contained in the unnumbered paragraphs of plaintiff's one paragraph "complaint", as follows:

1. As to the first sentence of plaintiff's complaint (relating to discrimination)[1], defendants deny the allegations.

2. As to the second sentence of plaintiff's complaint (relating to plaintiff's skin

---

[1] Because plaintiff has not followed Federal Rule of Civil Procedure Rule 10(b) (requiring the numbering of each allegation), defendant includes a brief identifier for each separate sentence in his one paragraph "complaint".



color), defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the sentence, therefore defendants deny the allegations.

3. As to the third sentence of plaintiff's complaint (relating to plaintiff's job and grade), defendants deny the allegations.

4. As to the fourth sentence of plaintiff's complaint (relating to the geography of plaintiff's job and a purported reassignment), defendants deny each and every allegation therein.

5. As to the fifth sentence of plaintiff's complaint (relating to plaintiff's termination), defendants deny the allegations.

6. As to the sixth sentence of plaintiff's complaint (relating to the Secretary of Labor and the assumption of liability), defendants admit that the Secretary of Labor is the head of the Department of Labor. Defendants deny all other allegations in this sentence.

7. As to the seventh sentence of plaintiff's complaint (relating to discrimination and compensation), defendants deny each and every allegation. As to that part of the sentence alleging that plaintiff was without permanent employment for more than nine months, defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, therefore defendants deny this allegation.

8. As to the eighth sentence of plaintiff's complaint, relating to inconvenience, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff has been inconvenienced in job interviews, therefore defendants deny the allegation. As to that part of this sentence relating to wrongful termination, defendants deny the allegations.

9. As to the ninth sentence of plaintiff's complaint, this is plaintiff's prayer for relief

to which no response is required, but to the extent a response is required, defendants deny the allegations.

All allegations in the complaint not specifically answered heretofore are hereby specifically denied.

### AFFIRMATIVE DEFENSES

Having answered the complaint, the defendants assert the following affirmative defenses:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

The court lacks subject matter jurisdiction of plaintiff's complaint.

### THIRD DEFENSE

Plaintiff's claim that he was offered and/or employed at a lower pay grade than white applicants is barred for failure to exhaust administrative remedies.

### FOURTH DEFENSE

Plaintiff's claim that he was assigned to work in geographically unpreferred areas is barred for failure to exhaust administrative remedies.

### FIFTH DEFENSE

Plaintiff's claims relating to any purported reassignment are barred for failure to exhaust administrative remedies.

### SIXTH DEFENSE

Plaintiff's claims relating to the amount of compensation he received while employed

at the Department of Labor are barred for failure to exhaust administrative remedies.

### SEVENTH DEFENSE

All plaintiff's claims, including but not limited to that of termination of employment, relating to discrimination on the basis of color are barred for failure to exhaust administrative remedies.

### EIGHTH DEFENSE

Plaintiff has improperly named the Department of Labor and/or individual supervisors and/or employees as party defendants.

WHEREFORE, defendants pray that judgment be entered in their favor, that all fees and costs be assessed against plaintiff and that this Court grant such other and further relief it deems just and proper.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
BARBARA L. PETRAS
Assistant United States Attorney
Florida Bar No. 209181
500 East Broward Boulevard, #700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext 3609
Fax: (954) 356-7180

HENRY SOLANO
Solicitor of Labor

Jaylynn K. Fortney

4

Regional Solicitor

Larry A. Auerbach
Counsel

Sharon D. Calhoun
Attorney
U.S. Department of Labor
Office of the Solicitor
61 Forsyth Street, S.W., Rm. 7T10
Atlanta, Georgia 30303
Tel: (404) 562-2057
Fax: (404) 562-2073

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

_6th_ day of June, 2000, to Jose J. Delacruz, *Pro Se*, 2420 N.E. 7th Avenue, Ft. Lauderdale,

Florida, 33305.

BARBARA L. PETRAS
Assistant United States Attorney