UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6171-CIV-ZLOCH/SELTZER

JOSE DELACRUZ.

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF
LABOR AND ALEXIS HERMAN,
SECRETARY OF LABOR

        Defendants
_____/

NIGHT BOX
FILED
JUN 2 6 2000
CLARENCE MADDOX
CLERK USDC / SDFL / FTL

## DEFENDANTS UNILATERAL SCHEDULING REPORT AND NOTICE OF PLAINTIFF'S REFUSAL TO COMPLY WITH LOCAL RULE 16.1

Defendants, United States Department of Labor and Alexis Herman, Secretary of Labor, through AUSA Barbara L. Petras, pursuant to Rule 16.1(B), Local Rules of the Southern District of Florida, hereby submit the following report of defendants' attempt to have a scheduling meeting with Jose Delacruz plaintiff *Pro Se.*

### a. The attempted meeting

The defendant sent correspondence to *Pro Se* plaintiff on June 6, 2000, and again on June 14, 2000, explaining the requirements of Local Rules 16.1., requesting that plaintiff call defendant's attorney, as the undersigned had no phone number for plaintiff. The undersigned, in the first letter, attached a copy of Local Rule 16.1. for plaintiff. On June 21, 2000, plaintiff called the undersigned and left a message requesting a meeting on March 28, at 2 p.m. Plaintiff also left two phone numbers on the voice mail. One number was 969-3417 (day), for "messages". Plaintiff also left number 566-9948, saying he would be home "after 4 p.m."



Thereafter, on that same day, undersigned counsel left plaintiff a message on the number for messages. Later, after 4.p.m., the undersigned called plaintiff at the home number and spoke with plaintiff. Plaintiff asked to set a meeting on March 28, 2001 at 2 p.m. The undersigned discussed the Local Rules, and the necessity for a scheduling meeting to exchange preliminary evidence and a witness list. Among other things, counsel for the undersigned explained to plaintiff the difference between the "pretrial conference", which takes place shortly before trial, and the "scheduling meeting", which takes place at the beginning of the case. Plaintiff said he was not prepared to give a copy of his documents/evidence or a witness list to defendants. Plaintiff also stated that he read the Local Rule and this Court's June 9, 2000 Order and he did not believe it was necessary for the parties to meet "at this time".

Under the circumstances, defendant is filing a unilateral scheduling report. Defendants hereby Notice the Court that plaintiff has refused to comply with Local Rule 16.1.

**b. Local Rule 16.1 B.**

1. Pursuant to Local Rule 16.1(B)1., on or before July 10, 2000, defendants will send plaintiff a copy of now reasonably available documents contemplated to be used in support of the allegations in the pleadings.

2. Pursuant to Local Rule 16.1(B) 2., this court has, by order dated June 9, 2000, set a discovery schedule.

3. Pursuant to Local Rule 16.1(B) 3., on or before July 10, 2000, defendants will send plaintiff a copy of other evidence reasonably available so as to obviate the filing of unnecessary motions.

4. Pursuant to Local Rule 16.1(B) 4., on or before July 10, 2000, defendants will send

plaintiff a preliminary list of individuals likely to have discoverable information.

5. Pursuant to Local Rule 16.1(B) 5., the defendants will discuss settlement in good faith in the future with plaintiff, and will submit the case to mediation at a mutually convenient time. Plaintiff and undersigned counsel discussed mediators on June 21, 2000. The parties have been unable to agree on a mediator. Therefore, the undersigned has notified the Clerk of Court by letter, pursuant to this Court's order, of the parties' inability to agree upon a mediator, requesting blind selection of a mediator.

6. Pursuant to Local Rule 16.1(B) 6, the defendants do not believe that the case is extraordinarily complicated. The Manual For Complex Litigation is not expected to be used.

7. Pursuant to Local Rule 16.1(B) 7., defendants prepare this unilateral scheduling report since *pro se* plaintiff has declined to meet with counsel for the defendants.

    a. The Court, has by Order dated June 9, 2000, set the discovery schedule.

    b. Settlement of the cause appears unlikely.

    c. The defendants do not currently contemplate the appearance of additional parties.

    d. Limits on Time

        i. The defendants propose that there be no further amendment of the pleadings, or joinder of parties unless permitted by the court.

        ii. The Court, has by Order dated June 9, 2000, set dates to file motions. The defendants suggest that the motions be heard, if deemed necessary by the court, within 30 days following the completion of the motion practice.

        iii. The Court, has by Order dated June 9, 2000, set the date for completion of discovery.

e. The defendants do not currently have any special proposals for the formulation of or the simplification of issues.

f. The defendants believe no further amendments to the pleadings are necessary or desirable.

g. The defendants will endeavor to obtain and/or provide admissions of fact so as to avoid unnecessary proof, and will endeavor to obtain and/or agree to stipulations relating to the authenticity of evidence.

h. The defendants do not currently have any special suggestions for the avoidance of unnecessary proof, etc.

i. The defendants believe that should the plaintiff continue to decline to provide documents, evidence and a witness list to the defendants, then that matter should be resolved by the District Court or referred to the Magistrate Judge.

j. The defendants believe that the case will take seven days to try.

k. The Court, has by Order dated June 9, 2000, set the dates for pretrial conference and trial.

l. The defendants presently have no other information helpful to the court, pertaining to the status settings in the case.

As this court has already entered a scheduling/pre-trial conference order, no further proposed

order relating thereto is attached hereto.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
BARBARA L. PETRAS
'Assistant United States Attorney
Florida Bar No. 209181
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Ph: 954-356-7314, ext. 3609
Fax: 954-356-7180

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _20th_ day of June, 2000, to:

Jose J. Delacruz, *Pro Se*.
2420 N.E. 7th Avenue,
Ft. Lauderdale, Florida 33305

*[signature]*
BARBARA L. PETRAS
Assistant United States Attorney

5