IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6171-CIV HUCK/Brown

JOSE J. DELACRUZ,

    Plaintiff,

v.

THE HONORABLE ELAINE L. CHAO,
SECRETARY OF LABOR,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR LIMITED DISCLOSURE OF RELEVANT PERSONNEL FILE RECORDS

COMES NOW the Defendant, Elaine L. Chao, Secretary of Labor, by and through the undersigned Assistant United States Attorney, and pursuant to Title 5, United States Code, Section 552a(b)(11), to respectfully move this Honorable Court for an order authorizing the limited release and disclosure of those portions of the personnel files of Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, as maintained by the Department of Labor (DOL), which are related to the above-styled proceedings, and as grounds therefore would show as follows:

1. On February 2, 2001, Plaintiff filed his original Complaint in federal court.

2. On May 25, 2000, in response to the Court's Order to Show Cause, the Plaintiff filed his Amended Complaint alleging unlawful discrimination based upon color under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e). In pertinent part, Plaintiff alleges as follows:

> The Defendant, the U.S. Department of Labor, purposely discriminates on the basis of color. The Plaintiff's skin color is brown. The Defendant offered Plaintiff the same job at a lower pay grade than white applicants. The Defendant actively pursued resignation [of]

Plaintiff by assigning Plaintiff to work in a geographically unpreferred [sic] area and then reassignment to a supervisor with a preference for white employees. The Defendant improperly terminated Plaintiff without establishing good cause. . . . . Because of the Defendant's discriminatory practices, the Plaintiff received less compensation than others in the same position and was without permanent employment for more than nine months.

Amended Complaint.

3.  The rational supporting DOL hiring and compensation decisions regarding Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, are contained, in part, within the personnel files of Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, as maintained by DOL.

4.  Accordingly, the information contained in the personnel file of Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, as maintained by the DOL, is related to the above-styled proceedings (said information is hereinafter referred to as "relevant material").

5.  However, disclosure of the relevant material is subject to Title 5, United States Code, Section 552 (the Privacy Act).

6.  Title 5, United States Code, Section 552a(b) provides as follows:

No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be–

. . . .

(11)  pursuant to the order of a court of competent jurisdiction;

7.  Moreover, the Eleventh Circuit has recognized that requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.

> Under 5 U.S.C.A. §552a(b), government agencies can release information about individuals only under certain circumstances. Release is allowed when a court of competent jurisdiction so orders. 5 U.S.C.A. §552a(b)(11)(West 1977). Requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the

potential harm to the subject of the disclosure. **Stiles v. Atlanta Gas Light Co.**, 453 F.Supp. 798 (N.D. Ga. 1978); **Christy v. United States**, 68 F.R.D. 375 (N.D.Tex. 1975).

**Perry v. State Farm Fire & Casualty Company**, 734 F.2d 1441, 1447 (11th Cir. 1984).

8. The Defendant asserts that upon disclosure, the relevant material should be used by the parties reasonably and in good faith in the preparation of the litigation of this case and that such material shall not be disseminated or used by the parties, their counsel, or any other person to whom disclosure is made, for any other purpose.

9. The Defendant also asserts that any person to whom the relevant material is disclosed in the course of this litigation, other than in-court disclosure, should be informed of the use restriction imposed by the Court's order prior to the disclosure to said person who shall acknowledge his/her agreement to be bound by the order.

10. The Defendant also asserts that any disclosed relevant material, should be returned to Defendant within a reasonable time after the conclusion of this action, including appeals, if any.

11. The Defendant also asserts that the Court's order of disclosure of the relevant material is applicable solely to Privacy Act issues, and does not prejudice the rights of the parties to raise objections to the discovery of, or admissibility of, any document, or to assert any applicable privilege.

WHEREFORE, the Defendant, Elaine L. Chao, Secretary of Labor, by and through the undersigned Assistant United States Attorney, and pursuant to Title 5, United States Code, Section 552a(b)(11), respectfully move this Honorable Court for an order authorizing the limited release and disclosure of those portions of the personnel file of Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, as maintained by the DOL, which are relevant to these proceedings,

that is, any and all files where records pertaining to the rational supporting DOL hiring and compensation decisions regarding Reginald Harris, Phyllis Whitesell, Craig Walters, and Jose J. Delacruz, as maintained by DOL.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 28, 2001 to Jose J. Delacruz, Plaintiff *pro se*, 2420 N.W. 7th Avenue, Ft. Lauderdale, Florida 33305.

By _____
CHARLES S. WHITE
Assistant United States Attorney