IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6171-CIV HUCK/Brown

JOSE J. DELACRUZ,

        Plaintiff,

v.

THE HONORABLE ELAINE L. CHAO,
SECRETARY OF LABOR,

        Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR JURY TRIAL

COMES NOW the Defendant, by and through the undersigned Assistant United States Attorney, to file this response to Plaintiff's Request for Jury Trial as follows:

### Statement of the Case

1. On February 2, 2001, Plaintiff filed his original Complaint in federal court. No trial by jury was requested.

2. On May 25, 2000, in response to the Court's Order to Show Cause, the Plaintiff filed his Amended Complaint alleging unlawful discrimination based upon national origin and color under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e). No trial by jury was requested.

3. On June 6, 2000, the Defendant filed an answer denying Plaintiff's allegations. A copy of the Defendant's Answer was served upon the Plaintiff.

4. On April 18, 2001, Plaintiff filed his first Request for Trial by Jury.



**MEMORANDUM OF LAW**

The Defendant opposes Plaintiff's request for jury trial. Indeed, because Plaintiff's request is untimely, he has waived his right to jury trial.

The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury is not timely. See **LaMarca[ v. Turner**, 995 F.2d [1526] 1544-45 [(11th Cir. 1993), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994)]; **General Tire & Rubber Co. v. Watkins**, 331 F.2d 192, 197 (4th Cir.), *cert. denied*, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964). Nevertheless, because the right to a jury trial is fundamental, "court must indulge every reasonable presumption against waiver." **LaMarca**, 995 F.2d at 1544 (quoting **Aetna Ins. Co. v. Kennedy**, 301 U.S. 389, 393, 57 S.Ct. 809, 811-12, 81 L.Ed. 1177 (1937)).

The procedure for determining the timeliness of a party's demand is contained in Federal Rule of Civil Procedure 38, which states that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). A party makes a timely demand for jury trial:

> by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action *and not later than 10 days after the service of the last pleading directed to such issue*, and (2) filing the demand as required by Rule 5(d).

Fed.R.Civ.P. 38(d). (emphasis added).

**Burns v. Lawther**, 53 F.3d 1237, 1240 (11th Cir. 195).

Because Plaintiff did not file his request for jury trial within ten days after the service of the Defendant's Answer, the last pleading directed to the issues raised in his Amended Complaint, Plaintiff has waived his right to jury trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By  _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on April 20, 2001 to Jose J. Delacruz, Plaintiff *pro se*, 2420 N.W. 7th Avenue, Ft. Lauderdale, Florida 33305.

By _____
CHARLES S. WHITE
Assistant United States Attorney