IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6171-CIV HUCK/Brown

JOSE J. DELACRUZ,

        Plaintiff,

v.

THE HONORABLE ELAINE L. CHAO,
SECRETARY OF LABOR,

        Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS, MOTION TO ATTACH COSTS, AND SUPPORTING MEMORANDUM OF LAW

COMES NOW the Defendant, Elaine L. Chao, Secretary of Labor, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 41(b), Federal Rules of Civil Procedure, and Local Rule 7.5, moves for involuntary dismissal of this action for failure to comply with orders of the Court, for failure to appear and for failure to prosecute the case, and, pursuant to the Court's discretionary authority, moves for attachment of costs incurred for preparation for trial, and, in the alternative, Defendant moves the Court for an order establishing a pre-condition imposed upon Plaintiff as a basis for reinstatement of his cause of action. and in support thereof would show as follows:

### Statement of the Case

1. On February 2, 2001, Plaintiff filed his original Complaint in federal court.

2. On May 25, 2000, in response to the Court's Order to Show Cause, the Plaintiff filed his Amended Complaint alleging unlawful discrimination based upon color under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e).

3. On June 26, 2000, the Defendant filed a unilateral scheduling report of Scheduling Meeting and Notice of Plaintiff's refusal to comply with Local Rule 16.1, governing pre-trial procedures in civil actions.

4. On September 11, 2000, the Court entered an order scheduling the trial of these proceedings to commence during the two week period commencing Monday April 23, 2001.

5. In addition, the Court directed the parties to file meet at least one month prior to the beginning of the trial calendar to confer on the preparation of a Pre-Trial Stipulation.

6. As set forth in the Defendant's Certification Regarding Pre-Trial Stipulation filed April 6, 2001, Plaintiff Delacruz, pro-se, has failed comply with the Court's order by failing to cooperate in the preparation of the Joint Pre-Trial Stipulation.

7. On April 6, 2001, Plaintiff Delacruz, pro-se, filed his Motion for Continuance of trial.

8. On April 17, 2001, at a status conference before the Court, Plaintiff was advised that his Motion for Continuance was denied and that the matter would proceed to trial during the upcoming trial period commencing April 23, 2001. During the hearing, Plaintiff Delacruz confirmed with the Court that he refused to sign a Joint Pre-Trial Stipulation.

9. Thereafter, the Court's staff contacted the parties by telephone and advised them that the above-styled case would proceed to trial immediately following a criminal case expected to last two days. The Court's staff also advised the parties expect to commence trial on the morning of April 25, 2001.[1] However, the Court's staff also advised the parties to be ready to proceed to trial on short notice should the criminal case be resolved. In accordance with the Court's directives, the Defendant secured the attendance of four out of town witnesses.[2] These witnesses arrived in Miami, Florida

---

[1] See the attached transcript.

[2] Jim Beddingfield, Former Supervisory Economist, Department of Labor (DOL), Bureau of Labor Statistics (BLS) drove in from Atlanta, Georgia; Wilson Romero, Economist, DOL, BLS, flew

on Sunday, April 22, 2001.

10. On April 23, 2001, at approximately 11:30 am, the Court's staff contacted the parties by telephone and advised them that the criminal case had been resolved and that trial of the above-styled action would commence at 9:00 am on Tuesday, April 24, 2001.

11. On April 24, 2001, at 9:00 am, the Defendant appeared before the Court through the undersigned counsel ready to proceed to trial. However, Plaintiff Delacruz, pro-se, failed to appear. During the ensuing proceedings, the Court announced that on the proceeding day, the Court's staff had contacted the Plaintiff Delacruz, pro-se, by telephone and advised them that the above-styled action would commence at 9:00 am on Tuesday, April 24, 2001. The Court also announced that on the proceeding day, the Plaintiff Delacruz advised the Court's staff that he (Delacruz) would appear as directed at 9:00 am on Tuesday, April 24, 2001 to commence trial.

12. On April 24, 2001, at 11:00 am, after the Court's staff placed unreturned telephone calls to Plaintiff Delacruz, and having received no reply, the Court released the Defendant's witnesses from the proceedings.

13. On April 25, 2001, the Court's staff advised the undersigned that the Plaintiff Delacruz had still not contacted the Court regarding the case.

## MEMORANDUM OF LAW

Rule 41(b), Federal Rule of Civil Procedure, provides authority for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ."

Where a plaintiff does not appear at the trial date or, as in this case, is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior

---

in from Tampa, Florida; Alfred Manual, Economist, DOL, BLS, flew in from Tennessee, and Michael Watt, Personnel Specialist, DOL, flew in from Atlanta, Georgia.

3

constitutes the epitome of a "failure to prosecute." *See e.g.*, **Owen v. Wangerin**, 985 F.2d 312, 317 (7th Cir. ("The remedy [Rule 41(b) dismissal] is usually applied when the plaintiff is not ready for trial or fails to appear."); **DuBoose v. Minnesota**, 893 F.2d 169, 171 (8th Cir. 1990)(upholding district court's dismissal in light of plaintiff's attorney's failure to appear for trial despite having been informed of the trial date on three occasions); **Noli v. Commissioner**, 860 F.2d 1521, 1527 (9th Cir. 1988)(stating that dismissal for failure to prosecute typically occurs where a party fails to appear at trial); **Maiorani v. Kawasaki Kisen**, 425 F.2d 1162 (2d Cir. 1970)(upholding dismissal where plaintiff's counsel failed to appear on day of trial); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2370, at 367-68 (2d ed. 1995) [hereinafter Wright & Miller] ("An action may be dismissed under Rule 41(b) if the plaintiff, without some explanation that is satisfactory to the court, is not ready for trial or if the plaintiff refuses to proceed at the trial.").

**Knoll v. AT&T**, 176 F.3d 359, 364-65 (6th Cir. 1999).

As set forth above in the Statement of the Case, Plaintiff Delacruz has refused to comply with orders of the Court, failed to appear for trial and otherwise failed to prosecute the case. Moreover, despite repeated attempts by the Court to secure an explanation from Plaintiff Delacruz regarding his actions, or lack thereof, Plaintiff Delacruz has provided none.

As also set forth above, as the direct result of Plaintiff's failure to appear for trial and for Plaintiff's failure to prosecute the case, the Court and its staff, as well as the Defendant, incurred unnecessary costs time and expense in preparation for trial.[3]

In the alternative, Defendant moves the Court for an order establishing a pre-condition imposed upon Plaintiff as a basis for reinstatement of his cause of action to include payment of the travel expenses incurred by the Defendant's four out-of town witnesses. Such a condition for reinstatement of a civil suit is within the discretion of the Court. **Patterson v. Township of Grand**

---

[3]In particular, the Defendant incurred unnecessary expenses securing the attendance of four out-of-town witnesses. As of this drafting, the undersigned counsel has not yet obtained an itemization of the travel and housing expenses incurred by these witnesses regarding their attendance at trial. However, upon receipt of this information by the undersigned, it will be provided to the Court by separate filing.

4

Blanc, 760 F.2d 686, 689 (6th Cir. 1985).

WHEREFORE, the Defendant, Elaine L. Chao, Secretary of Labor, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 41(b), Federal Rules of Civil Procedure, and Local Rule 7.5, moves for involuntary dismissal of this action for failure to comply with orders of the Court, for failure to appear and for failure to prosecute the case and, pursuant to the Court's discretionary authority, moves for attachments of costs incurred for preparation for trial, and, in the alternative, Defendant moves the Court for an order establishing a pre-condition imposed upon Plaintiff as a basis for reinstatement of his cause of action.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on April 26, 2001 to Jose J. Delacruz, Plaintiff *pro se*, 2420 N.W. 7th Avenue, Ft. Lauderdale, Florida 33305.

By _____
CHARLES S. WHITE
Assistant United States Attorney

5